**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

NO. 5:11-CR-00086-FL-1
NO. 5:13-CV-00032-FL

| | | |
|---|---|---|
| MARK MURPHY, | ) | |
| | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Respondent. | ) | |
| _____ | ) | |

This cause comes before the Court upon respondent government's motion to dismiss (DE-55) petitioner Mark Murphy's motion (DE-52) under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("motion to vacate"). Murphy has not responded to the motion to dismiss and the time for doing so has expired. Accordingly, the motion to dismiss is ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), the motion to vacate and the motion to dismiss have been referred to the undersigned for the entry of a memorandum and recommendation. For the reasons set forth herein, it is RECOMMENDED that the motion to vacate (DE-38) be DENIED and the motion to dismiss (DE-41) be GRANTED.

I.      **BACKGROUND**

On October 11, 2011, Murphy pled guilty to (1) being a felon in possession of a

1

firearm, in violation of 18 U.S.C. § 922(g)(1) and 924; and (2) possessing a stolen firearm, in violation of 18 U.S.C. § 922(j) and 924.   At the Rule 11 hearing, Murphy testified that he had discussed the case and the plea with his attorney, and that his attorney had answered all of his questions.   Arraignment Hr'g Tr. 13-15, DE-43.   Murphy had no questions concerning the case or the plea, and he also indicated his satisfaction with his attorney, Assistant Federal Public Defender Robert Waters.   *Id.* at 15:19-21; 20:13-18.   Based on the hearing and the evidence presented, the presiding magistrate judge found that the pleas of guilty were "knowingly and voluntarily made and [were] supported by an independent factual basis containing each of the essential elements of the charged offenses."   *Id.* at 24:5-7.

The district court held the sentencing hearing on January 9, 2012.   Sent. Hr'g Tr., DE-42.   Murphy's advisory sentencing guidelines range was 92-115 months of imprisonment.   After argument by counsel, the district court sentenced Murphy to 115 months on each of the two counts, to be served concurrently, but consecutively to Murphy's imprisonment for any previous state sentence.   J., DE-36.   Upon appeal, the United States Court of Appeals for the Fourth Circuit affirmed the judgment of the district court.   United States v. Murphy, 491 F. App'x 370, 371, 2012 U.S. App. LEXIS 16418, at *3 (4th Cir. 2012) (per curiam) (unpublished), *cert. denied*, Murphy v. United States, 133 S. Ct. 807 (2012); DE-46.

On January 11, 2013, Murphy filed the instant motion to vacate, asserting he received ineffective assistance of counsel because his attorney (1) advised him to decline

2

the government's offered plea agreement; and (2) failed to argue in favor of a downward departure from the sentencing guidelines. The government asserts that the motion to vacate fails to state any claim upon which relief may be based and should be dismissed.

## II.  LEGAL STANDARDS

### A.  Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

When subjected to a Rule 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir.2008) (emphasis in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Supreme Court in *Twombly* upheld a Rule 12(b)(6) dismissal because the complaint failed to allege facts sufficient to show a claim was plausible rather than merely conceivable. *See* Monroe v. City of Charlottesville, Va., 579 F.3d 380, 386 (4th Cir. 2009), *cert. denied*, 130 S. Ct. 1740, 176 L. Ed. 2d 214 (2010). Accordingly, a district court considering a motion to dismiss under Rule 12(b)(6) "must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." Simmons v. United Mortg. and Loan Inv., LLC, 634 F.3d 754, 768 (4th Cir. 2011) (internal quotations and citations omitted). "[T]he court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Monroe, 579 F.3d at 385-86 (quotation marks and alteration marks omitted).

### B.  28 U.S.C. § 2255

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence

was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). In such a proceeding, the burden of proof is on the petitioner to establish his claim by a preponderance of the evidence. *See, e.g.*, Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam) ("Because the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . . ."); Toribio-Ascencio v. United States, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 U.S. Dist. LEXIS 113549 at *5 (E.D.N.C. Oct. 25, 2010) ("In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence.").

## C.       **Effect of Petitioner's Guilty Plea**

A valid guilty plea constitutes admission of the material elements of the crime. McCarthy v. United States, 394 U.S. 459, 466 (1969). The sworn representations made by a criminal defendant at plea proceedings "carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Furthermore, a guilty plea normally waives any claim based on non-jurisdictional errors occurring prior to the plea. Tollett v. Henderson, 411 U.S. 258, 267 (1973). In *Tollett*, the Supreme Court concluded that an intelligent and voluntary plea of guilty generally bars habeas review of claims relating to the deprivation of constitutional rights that occurred before the defendant pleaded guilty.

4

The Supreme Court observed that "[t]he focus of federal habeas inquiry is the nature of [defense counsel's] advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Id.* at 266-67. Thus, in a collateral attack, a petitioner may only challenge the voluntary and intelligent character of a plea, such as by demonstrating that he received ineffective assistance of counsel. *Id.*

Notably, statements made by a defendant during a hearing to accept a guilty plea are subject to a strong presumption of veracity, and challenges under 28 U.S.C. § 2255 that contradict these statements may generally be dismissed:

> '[A] defendant's solemn declarations in open court . . . "carry a strong presumption of verity"' . . . because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. . . . 'Indeed, because they do carry such a presumption, they present "a formidable barrier in any subsequent collateral proceedings."' Thus, in the absence of extraordinary circumstances . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false." Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated– "permitting quick disposition of baseless collateral attacks."

United States v. Lemaster, 403 F.3d 216, 221-222 (4th Cir. 2005) (internal citations and quotations omitted).

   **D. Ineffective Assistance of Counsel**

Murphy asserts his counsel was constitutionally deficient. To state a claim of ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. Strickland

v. Washington, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. *Id.* at 688. This Court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689. Therefore, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The second prong is met where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

The Sixth Amendment right to counsel during criminal proceedings extends to the plea bargaining process. Missouri v. Frye, 132 S. Ct. 1399, 1405, 182 L. Ed. 2d 379 (2012). Criminal defendants are entitled to effective assistance of counsel during that process. Lafler v. Cooper, 132 S. Ct. 1376, 1384, 182 L. Ed. 2d 398 (2012). In order to state a claim for ineffective assistance of counsel during the plea bargaining process, a petitioner must allege sufficient facts to show that counsel's performance was deficient and that there is a reasonable probability that the deficiency prejudiced the defense, as set forth in *Strickland.* Merzbacher v. Shearin, 706 F.3d 356, 363 (4th Cir. 2013). With regard to prejudice at sentencing, a petitioner must show a reasonable probability that he would have received a more lenient sentence but for counsel's errors. *See* Glover v. United States, 531 U.S. 198, 202-04 (2001); United States v. Russell, 34 F. App'x 927, 928 (4th Cir. 2002) (unpublished).

With these legal precepts in mind, the undersigned considers the government's

motion to dismiss.

### III.   ANALYSIS

In Ground One of the §2255 motion, Murphy alleges his attorney, Mr. Waters, advised him to decline the plea agreement offered by the prosecutor.   The proposed plea agreement would have resulted in dismissal of count two, possession of a stolen firearm, but would have required Murphy to waive his appellate rights.   Mr. Waters advised against accepting the plea offer, particularly in light of the government's notice that Murphy was subject to being sentenced as an armed career offender under 18 U.S.C. § 924(e).   Relying on Mr. Water's advice, Murphy declined the government's plea offer and instead pleaded guilty without a written plea agreement.   The day of the sentencing hearing, Mr. Waters informed Murphy that the government no longer intended to seek sentence enhancement.   Murphy asserts that, had Mr. Waters informed him earlier of the government's change of position regarding sentence enhancement, he would have accepted the government's plea offer.   Murphy argues that Mr. Water's actions constitute ineffective assistance under *Missouri v. Frye* and *Lafler v. Cooper*.   The undersigned concludes that Murphy fails to state a claim of ineffective assistance upon which relief may be based.

To state a claim for ineffective assistance of counsel during the plea bargaining process, petitioner must allege facts indicating that counsel's performance fell below an objective standard of reasonableness, and that this deficient performance affected the plea process.   Merzbacher, 706 F.3d at 363.   Here, Murphy shows neither deficient

7

performance nor prejudice. Murphy alleges that Mr. Waters counseled him against the government's plea offer because the agreement would have required Murphy to waive his appellate rights. However, this advice falls "well within the zone of deference courts should observe in judging ineffective-assistance claims." Dickerson v. United States, No. 7:10cr00011, 2013 U.S. Dist. LEXIS 12253, at *4 (W.D. Va. Jan. 30, 2013) (describing counsel's advice to decline government's proposed plea agreement and enter "straight-up" plea of guilty). "Courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, in order to avoid the distorting effects of hindsight." Strickland, 466 US at 689; *accord* Merzbacher, 706 F.3d at 365. By entering a straight plea of guilty rather than accepting the government's plea offer, Murphy preserved his appellate rights while simultaneously gaining a three-level reduction for acceptance of responsibility. The Fourth Circuit's rejection of Murphy's arguments on appeal does not diminish the value of his appellate rights or demonstrate that Mr. Waters' advice was objectively unreasonable. Thus, Murphy fails to show deficient performance by counsel.

With regard to Mr. Waters' alleged delay in informing Murphy that the government no longer intended to seek sentence enhancement, nothing suggests that this asserted error affected the plea bargaining process. "To show prejudice from ineffective assistance of counsel in a case involving a plea offer, petitioners must demonstrate a reasonable probability that (1) 'they would have accepted the earlier plea offer had they been afforded effective assistance of counsel,' and (2) 'the plea would have been entered without the

8

prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law.'" Merzbacher, 706 F.3d at 366 (quoting Frye, 132 S. Ct. at 1409). Here, Murphy alleges no facts indicating that the plea agreement offered earlier remained open at the time the prosecutor decided not to seek sentence enhancement. Thus, Murphy's assertion that he could and would have accepted the plea offer had he learned before the sentencing hearing that the government no longer intended to seek sentence enhancement is speculative at best. Accordingly, even assuming deficient performance, Murphy fails to show prejudice arising from this asserted error. Because Murphy has not demonstrated that his counsel's performance was deficient or that he suffered any prejudice as a result of his counsel's alleged deficient performance, the undersigned RECOMMENDS that the motion to vacate be denied as to Ground One, and that the government's motion to dismiss be GRANTED.

By Ground Two, Murphy argues that Mr. Waters was ineffective at sentencing in failing to request that his federal sentences run concurrently with his state sentence. Even assuming deficient performance, Murphy fails to show any prejudice arising from this asserted error. The record shows that Mr. Waters objected to the presentence investigation report ("PSR") and argued at the sentencing hearing in favor of a below-guidelines sentence. *See* PSR, DE-32; Sentencing Hr'g Tr. 6-9, DE-42. The district court, however, imposed a sentence at the top of the presumptive guideline range, which the Fourth Circuit affirmed. Murphy fails to allege any facts to indicate that, but for his counsel's performance, the district court would have imposed a different sentence.

9

Accordingly, the undersigned RECOMMENDS that the motion to vacate be denied as to Ground Two, and that the government's motion to dismiss be GRANTED.

## IV.    <u>CONCLUSION</u>

For the reasons stated herein, the motion to vacate fails to state a claim of ineffective assistance of counsel upon which relief may be granted.   As such, the undersigned RECOMMENDS that the motion to vacate (DE-52) be DENIED and the government's motion to dismiss (DE-55) be GRANTED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Monday, May 28, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE